UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-22581-CIV-MORENO/GOODMAN
(CASE NO. 12-20367-CR-MORENO)

GRAYLIN S. KELLY, JR.,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

REPORT AND RECOMMENDATIONS
RECOMMENDING DISMISSAL OF SECTION 2255 MOTION
*AND* REQUIRING SHOW CAUSE DECLARATION AND NOTICE

Movant Graylin S. Kelly, Jr. filed a motion to vacate his convictions and sentences on two counts of possession of a firearm in furtherance of a crime of violence. [ECF No. 1].

Senior United States District Judge Federico A. Moreno referred the section 2255 motion to the Undersigned. [ECF No. 8].

For the reasons discussed below, the Undersigned **respectfully recommends** that the District Court **dismiss** Kelly's *habeas* motion because the Eleventh Circuit has denied Kelly's request for leave to file this second or successive *habeas* motion.

**I.      Background**

      **A.      The Underlying Federal Criminal Proceeding and State Court Proceeding**

Movant pled guilty to two counts of possession of a firearm in furtherance of a crime of violence in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii). [Case No. 12-20367-CR-FAM, ECF No. 138].[1] The Court sentenced Movant to the mandatory minimum sentence of 32 years of imprisonment (seven years for Count 3 and 25 years for Count 5, to run consecutively), followed by a five-year term of supervised release. [Case No. 12-20367-CR-FAM, ECF No. 91].

After Kelly was sentenced in federal court, he pled no contest[2] to a state charge of armed robbery on April 5, 2013. Kelly was sentenced to a 20-year state prison term, to run concurrently with his federal sentence.

Kelly remained in state custody, however, until 2018 when, after filing a motion to correct illegal sentence, he entered into a new plea agreement and the state court resentenced him to a five-year prison term with credit for time served.

Kelly completed his state prison sentence on April 16, 2018 and is currently serving

---

[1]    The record in *other* proceedings will be cited by the case number followed by the docket entry number, and, where appropriate, the page number.

[2]    Movant states that he pled *guilty* to the state court charge. [ECF No. 1, p. 2]. However, the hearing transcript for the state court change of plea hearing reflects that Movant pled **"[n]o contest"** to this charge. [Case No. 18-cv-22025-FAM, ECF No. 1-1, p. 58] (emphasis supplied).

his federal sentence.

> B. The Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 or 28 U.S.C. § 2255 filed in Case No. 18-cv-22025-FAM

Kelly previously filed, on May 21, 2018, a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 or, alternatively, section 2255. [Case No. 18-cv-22025-FAM, ECF No. 1]. The petition asked the Court to "fashion a remedy correcting Kelly's judgment to account for all credit time served in state prison." *Id.* at p. 5.

United States Magistrate Judge Lauren Louis issued a report and recommendations recommending that the petition be denied under sections 2241 and 2255. [Case No. 18-cv-22025-FAM, ECF No. 10]. Judge Louis found that Kelly was not entitled to relief under section 2241 because it is the Attorney General (through the Bureau of Prisons), not the Court, who determines the amount of credit awarded after a defendant's sentence has started. *Id.* at p. 6 (citing 18 U.S.C. § 3585(b)). Moreover, to the extent Kelly was challenging the performance of an executive function -- the calculation of time served -- Judge Louis recommended that the petition be denied because Kelly had failed to show he had exhausted his administrative remedies. *Id.* at pp. 7-9.

Judge Louis further found that Kelly could not prevail under section 2255 because the relief sought by Kelly -- "an order directing the BOP to consider Petitioner's sentence to have run concurrent to that served on the state sentence" -- was prohibited by 18 U.S.C. § 924(c). *Id.* at 9. She noted that the Supreme Court had held that, under the plain language of section 924(c), the sentencing court could not direct that a sentence imposed

under section 924(c) "run[] concurrently with any other term of imprisonment, which includes both state and federal sentences." *Id.* at 10 (emphasis omitted) (citing *United States v. Gonzales*, 520 U.S. 1, 11 (1997)).

Judge Moreno affirmed and adopted Judge Louis' report and recommendations and denied Kelly's petition. [Case No. 18-cv-22025-FAM, ECF No. 11]. Concerning Kelly's request for relief under section 2255, Judge Moreno stated:

> Petitioner seeks relief under 28 U.S.C. § 2255, which authorizes a prisoner to move a sentencing court to "vacate, set aside, or correct" a federal sentence where, among other things, "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). It appears that Petitioner is attacking the legality of his sentence by challenging the fact that it was not imposed concurrently with the state sentence. His argument fails, as the plain language of 18 U.S.C. § 924(c), through which he was convicted, states that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person." 18 U.S.C. § 924(c)(l)(D)(ii). The Supreme Court has explained that the plain language of this statute "forbids a federal district court to direct that a term of imprisonment under that statute run concurrently with any other term of imprisonment, whether state or federal." *United States v. Gonzales*, 520 U.S. 1, 11 (1997).

*Id.* at p. 2 (footnote omitted).

### C. The Instant Proceedings

Kelly filed the instant Motion on June 22, 2020. [ECF No. 1]. In this Motion, Kelly argued that his convictions under section 924(c)(1)(A) were unconstitutionally vague in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).[3]

Kelly also argued that because his prior petition (filed in Case No. 18-cv-22025-FAM) sought to obtain only credit for time served in state prison and did not challenge his convictions and sentences, it was *not* a "second or successive" motion under 28 U.S.C. § 2255(h). *Id.* at p. 4. Nonetheless, Kelly stated that, "in an abundance of caution," he would seek authorization from the Eleventh Circuit to file a second or successive motion. *Id.* at p. 5.

Movant never bothered to inform the Court of his efforts to obtain authorization from the Eleventh Circuit. A search of the Eleventh Circuit's dockets reveals that on June 22, 2020, Kelly indeed filed with the Eleventh Circuit a motion for leave to file a second or successive motion to vacate sentence. *In re: Graylin Kelly, Jr.*, No. 20-12271 (11th Cir. filed June 22, 2020).[4]

---

[3]   In *Davis*, the Supreme Court held that the definition of "crime of violence" in section 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. at 2336.

[4]   The Undersigned is permitted to take judicial notice of other court proceedings. *See Bakov v. Consol. Travel Holdings Grp., Inc.*, No. 19-CV-61509-WPD/SNOW, 2020 WL 9934410, at *1, n.1 (S.D. Fla. Apr. 9, 2020) ("The court may take judicial notice of another court's docket entries and orders for the limited purpose of recognizing the filings and judicial acts they represent.").

Approximately ten days later, the Eleventh Circuit issued a detailed, 8-page Order **denying Kelly's request for leave to file a second or successive motion to vacate sentence.** Order, *In re: Graylin Kelly, Jr.*, No. 20-12271 (11th Cir. filed July 2, 2020).

The Eleventh Circuit treated the prior petition (filed in Case No. 18-cv-22025-FAM) as a section 2255 motion for purposes of section 2255(h). The appellate court noted that the relief sought by Kelly was broad, both Judge Louis and Judge Moreno addressed the merits of his section 2255 claim, and Kelly never objected or appealed Judge Louis and Judge Moreno's construction of the petition as attacking the legality of Kelly's federal sentence under section 2255. *Id.* at p. 6.

The Eleventh Circuit also found that "Kelly cannot show that the Supreme Court's invalidation of § 924(c)(3)'s residual clause in *Davis* has any bearing on the constitutionality of his § 924(c) convictions and sentences." *Id.* at p. 7.

Kelly did not bother to inform the Court of the Eleventh Circuit's Order or file a notice of dismissal of his now-unauthorized Motion.

On July 8, 2020, a mere six days after the Eleventh Circuit denied Movant's request to file a second or successive *habeas* motion, Judge Moreno issued a show cause order setting a briefing schedule. [ECF No. 6]. Again, inexplicably, Movant did not alert the Court that the Eleventh Circuit had denied his request.

Despite being listed on the Eleventh Circuit's docket, the Government, for its part, did not appear to be aware of the existence of the Eleventh Circuit's Order (or even the

6

proceeding) because it filed a substantive opposition response[5] on August 12, 2020. [ECF No. 7].

Approximately two weeks later, Judge Moreno referred the instant Motion to the Undersigned. [ECF No. 8]. Again, Kelly did not bother to notify the Court that it was without jurisdiction because the Eleventh Circuit had expressly and unequivocally denied Kelly's request to file a second or successive motion.

Kelly did not file a reply within the time allotted by the Local Rules. On December 6, 2021, the Undersigned provided Kelly with an additional opportunity, until December 23, 2021, to file a reply. [ECF No. 9]. Kelly did not file a reply and did not alert the Court of the Eleventh Circuit's order. Similarly, the United States did not file a notice to advise this Court of the appellate court's ruling concluding that this Court lacked jurisdiction to entertain the habeas petition.

The parties' actions in the instant case reflect a troubling disregard for the Court's time and have resulted in a waste of judicial resources. These actions will be addressed in a separate section below.

II.     Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No.

---

[5] The Undersigned notes that the Eleventh Circuit's docket lists a different AUSA than the AUSA who filed the opposition response in this Court. Nonetheless, the AUSAs should have communicated with each other and ensured that the District Court was advised of the Eleventh Circuit's ruling.

104-132, 110 Stat. 1214, requires that a movant first obtain authorization from the applicable court of appeals before filing a "second or successive" section 2255 motion. 28 U.S.C. § 2244(b)(3)(A)). This requirement "is grounded in respect for the finality of criminal judgments." *Calderon v. Thompson*, 523 U.S. 538, 558 (1998). If a movant does not obtain prior authorization, then the district court lacks jurisdiction to consider a second or successive motion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam).

Here, the Eleventh Circuit has determined that the instant Motion is a "second or successive" *habeas* motion under 28 U.S.C. § 2255(h) and has denied Kelly's application for leave to file the instant Motion. Accordingly, this Court is without jurisdiction to consider the instant Motion.

### III. Conclusion

For the reasons discussed above, the Undersigned **respectfully recommends** that the District Court **dismiss** Kelly's *habeas* motion for lack of jurisdiction because it is an unauthorized second or successive habeas motion.

### IV. Show Cause Declaration and Notice

The Undersigned is surprised that neither Kelly nor the United States bothered to advise this Court of the significant and obviously on-point ruling by the appellate court, rejecting Kelly's arguments and denying his request for leave to file the very motion at issue here.

The parties' failure to advise us of the appellate ruling is particularly perplexing in light of the recent Order the Undersigned entered [ECF No. 9], giving Movant the opportunity to file a reply. It should have been obvious to *both* sides that the Undersigned was unaware of the appellate ruling denying Kelly's motion (or even that Kelly actually followed through and filed the motion) when I recently entered the Order giving Kelly time to file a Reply. But neither counsel had the courtesy to advise of the appellate ruling. In fact, neither side had even advised that the motion had been filed in the first place. Fortunately, the Undersigned decided that it would be prudent to pursue some additional, independent research and check the Eleventh Circuit's dockets, to see if Kelly ever filed the motion (he did) and, if so, whether the Eleventh Circuit ever entered a ruling (and it did).

The Undersigned believes that Movant's counsel should have complied with his duty of candor[6] by advising this Court of the Eleventh Circuit's ruling. His failure to do so generates grounds for concern.

---

[6] Florida Rule of Professional Conduct 4-3.3, entitled "Candor Toward the Tribunal," provides, in pertinent part, in subsection (a)(3), that "[a] lawyer shall not knowingly …. fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel."

Not only is the Eleventh Circuit's Order authority in the controlling *jurisdiction*, it is, at the risk of stating the obvious, authority *in this very case.* The ruling, of course, is certainly "directly adverse" to Kelly's position.

Movant's counsel shall by January 3, 2022, file a **declaration** showing cause why he did not file the Eleventh Circuit's ruling with this Court or otherwise at least give this Court notice of those appellate developments.

On a related note, the United States surely had a *strategic* reason to advise the Court of the appellate ruling -- and its failure to do so is, to say the least, baffling, mighty odd, and problematic. The United States shall, by the same deadline, file a notice explaining why it did not advise this Court about the appellate developments. As noted, however, it seems as though the AUSA in this case was completely unaware of what was happening with Kelly's motion in the Eleventh Circuit. Had she known of the ruling, the AUSA would have advised the Court (a step which would have made her work far easier and more succinct).

Therefore, the AUSA should explain, to the extent possible (and if accurate), why she did not know what her colleague was doing in the directly-related appellate motion practice (i.e., a government-focused, legal-type variation on the saying that "the right hand does not know what the left hand is doing"). The AUSA handling the instant case should, naturally, confer with the AUSA involved in Kelly's motion before the Eleventh Circuit Court of Appeals before filing the notice.

**V.     Objections**

The parties will have 14 days from the date of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file

10

a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, December 29, 2021.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
Counsel of Record